■ COOPERATIVE HEALTH INSURANCE FUND OF CENTRAL NEW YORK, Appellant, v BLUE CROSS AND BLUE SHIELD OF CENTRAL NEW YORK, Defendant, and COMMUNITY GENERAL HOSPITAL OF GREATER SYRACUSE, Respondent. [654 NYS2d 895] —Order unanimously reversed on the law with costs, motion denied and complaint against defendant Community General Hospital of Greater Syracuse reinstated. Memorandum: Plaintiff, Cooperative Health Insurance Fund of Central New York (Cooperative), commenced this action against defendants, Blue Cross and Blue Shield of Central New York (Blue Cross) and Community General Hospital of Greater Syracuse (Community), alleging breach of contract and unjust enrichment and seeking damages and declaratory judgment. The dispute is between two health insurance plans, Cooperative's and Community's, and concerns which plan is primarily liable to reimburse approximately $200,000 in medical expenses incurred by a particular patient between July 1, 1989 and December 31, 1991. Blue Cross, the administrator of both plans, charged those expenses against Cooperative. Supreme Court effectively declared such charge proper, granting the motion of Community for summary judgment dismissing the complaint against it. Cooperative appeals, contending that there are triable questions of fact precluding summary judgment.

The record establishes that Cooperative covered the patient in connection with his former employment, and that, throughout the period in question, the insured was retired and eligible for Medicare. Community covered the patient as a dependent under his wife's insurance, a benefit of his wife's current employment. Both plans exclude coverage for medical expenses for which the patient is eligible for benefits under Medicare. Both plans contain an exception to that exclusion, providing coverage in the event that the insurer is required by law to pay benefits irrespective of Medicare eligibility. A Federal statute in fact forbids certain insurers, including Cooperative and Community, from "tak[ing] into account that [i.e., excluding coverage on the ground that] an individual (or the individual's spouse) who is covered under the plan by virtue of the individual's current employment status with an employer is entitled to benefits under" Medicare (42 USC § 1395y [b] [1] [A] [i] [I]). Each plan also contains a coordination of benefits provision stating that the plan is "primary" if the patient is a covered person under the plan, but "secondary" if the patient is covered as a dependent.

Throughout the period in question, Blue Cross charged the medical expenses against Cooperative, determining it to be pri-

mary because the patient was a covered person under plaintiff's plan but only a dependent under his wife's plan. During that time frame, Blue Cross was unaware that the patient was retired and eligible for Medicare. In January 1992 Blue Cross discovered that the patient was retired and subsequently discovered that he was eligible for Medicare. Initially, Blue Cross adjusted the claims by shifting the charges to Community as primary insurer. Later, Blue Cross rescinded that adjustment and again charged the claims against Cooperative as primary for the period in dispute. However, Blue Cross further determined that, commencing January 1, 1992, Community was primary. Cooperative thereafter commenced this action.

The court erred in granting the motion of Community for summary judgment dismissing the complaint against it. There are triable questions of fact concerning who is at fault for Blue Cross's lack of awareness of the patient's status. Moreover, Community failed to sustain its burden of demonstrating its entitlement to judgment as a matter of law by showing a legal or contractual basis for deeming its plan secondary to Cooperative's plan. We reject the argument that, under the present circumstances, Federal law is irrelevant and inapplicable until Medicare is actually required to pay a claim (*cf., Baptist Mem. Hosp. v Pan Am. Life Ins. Co.,* 45 F3d 992, *cert denied* 516 US 824). Indeed, apart from the issue of Cooperative's potential liability for Blue Cross's lack of notice of the patient's status, it appears on this record that, under the terms of the respective plans and Federal law, Community's plan is primary. Although both plans exclude coverage in the event of the patient's eligibility for Medicare, Federal law nullifies Community's exclusion because that plan is attributable to the current employment of the patient's spouse (*see,* 42 USC § 1395y [b] [1] [A] [i] [II]). On the other hand, the exclusion in Cooperative's plan is valid and enforceable because coverage under that plan is not attributable to the current employment of the patient or his spouse (*see,* 42 USC § 1395y [b] [1] [A] [i] [II]). (Appeal from Order of Supreme Court, Onondaga County, Stone, J.—Summary Judgment.) Present—Green, J. P., Lawton, Doerr, Balio and Fallon, JJ.